Mark BRANT, Plaintiff–Appellant,

v.

Samuel J. VOLKERT, et al., Defendants–Appellees.

No. 02–1659.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 8, 2002.

Decided July 25, 2003.

Before POSNER, ROVNER, and WILLIAMS, Circuit Judges.

## ORDER

Mark Brant filed a complaint under 42 U.S.C. § 1983 against two Freeport, Illinois police officers, contending that they used excessive force when they arrested him and took him into custody. Brant, a paraplegic, alleged that he experienced back spasms as the two officers forcibly "corkscrewed" him into a police car, causing his back to slam into the door frame of the car. As a result, Brant claimed that he suffered pain and lower back injuries. The district court granted summary judgment to the officers, concluding that the officers did not use an objectively unreasonable amount of force during the arrest and that they were entitled to qualified immunity. We affirm.

The facts as agreed to by the parties show that in the evening of May 8, 1998, Freeport police officers Brian Fred Cass and Wendell McClain stopped Brant while he was driving a three-wheel motor scooter erratically and with his headlights and taillights turned off. After the officers stopped Brant, they requested his driver's license, but he was able to produce only a Department of Corrections inmate ID card. Officer Cass performed a background check, which revealed that Brant's license was revoked and that he was operating the motor scooter with no license plate, title, or registration. According to Brant, Officer Cass drew his weapon and told Brant to put his hands on the scooter's handlebars; the officers, however, dispute that Cass drew his weapon. Officer Cass then told Brant that he was under arrest for driving after revocation of his license. At this time, Freeport police officer Don Heath arrived as backup in response to Officer Cass's radio report of the traffic stop. Officer Cass then handcuffed Brant's wrists after placing his arms behind his back while he remained seated on the scooter. He then conducted a patdown search of Brant which Officers McClain and Heath observed. During the search, Officer Cass discovered cannabis, a cannabis smoking device, a wooden box, and a drug scale.

After completing the arrest, the officers discussed whether they should drive Brant to the county jail themselves or call an ambulance, given that Brant is paraplegic. Officer Cass contacted his supervisor, Sgt. Brian Kuntzelman, who indicated that the Freeport police had no established policy regarding the arrest of paraplegic individuals. Sgt. Kuntzelman recalled, however, that on one prior occasion, Freeport police officers had transported a paraplegic suspect to the county jail in the back seat of a police car and he advised Officer Cass to do the same.

The parties disagree about what happened next. According to Officers Cass and McClain, they lifted Brant and carried him in a sitting position five to ten feet

from the scooter to the police car. The officers testified that they lifted Brant by standing on either side of him and placing their arms under Brant's arms and legs. Brant, on the other hand, contends that the officers lifted him by his elbows and ankles and moved him to the police car. In any event, when they reached the car, Officers Cass and McClain lifted Brant into the back seat. Brant testified that at this time, his legs began to "reflect back or reflex" or "push backwards out" of the car. According to Brant, Officer Cass then attempted to "corkscrew" his body into the back seat, and the twisting caused Brant to "slam into the back of the door frame." The officers contest Brant's version that they twisted his body in any way, and dispute that Brant's legs experienced any spastic or jumping movements. Brant testified in his deposition that the officers' excessive force caused injuries to his legs and lower back. After his arrest, however, Brant did not request medical attention and instead affirmatively stated to the officers and county jail officials that he was not hurt during the arrest.

The district court granted summary judgment to the defendants, and concluded that no evidence existed to show that Officers Cass and McClain used an objectively unreasonable amount of force to arrest Brant. The court specifically found that, given the fact that Brant was handcuffed and did not have the use of his legs, some amount of force was legitimately necessary to place Brant's body into the police car. Alternatively, the district court held that Brant's lawsuit against the officers was barred by qualified immunity, because he was unable to show that the officers violated any of his clearly established rights.

On appeal Brant argues that the district court erred in finding that Officers Cass and McClain used objectively reasonable force by twisting his body into the police car while effectuating the arrest. We review a grant of summary judgment *de novo*, construing the facts in the light most favorable to Brant. *See* Fed.R.Civ.P. 56(c); *Hardy v. Univ. of Ill. at Chicago*, 328 F.3d 361, 364 (7th Cir.2003). It is Brant's burden to demonstrate that the officers used force excessive under the Fourth Amendment, *see Graham v. Connor*, 490 U.S. 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), and to do so, he must show that the officers' use of force was objectively excessive from the perspective of a reasonable officer on the scene under the totality of the circumstances, *see id.* at 396, 109 S.Ct. 1865; *Bell v. Irwin*, 321 F.3d 637, 639 (7th Cir.2003). Among the relevant factors a court should consider are "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *See Graham*, 490 U.S. at 396, 109 S.Ct. 1865.

■ Brant argues that the district court incorrectly found the officers' use of force to be reasonable, because the court failed to consider the minor nature of his violations, his paraplegia, and the absence of resistance to arrest. But a review of each of the *Graham* factors, under the facts as described by Brant, leads to the conclusion that the officers acted reasonably as a matter of law. First, Brant never contends that the officers were not authorized to take him into custody because of his offenses. Brant's violations involved erratic driving without a license or registration, as well as possession of a controlled substance and drug paraphernalia, which, contrary to Brant's characterization of the facts as a minor traffic stop, gave the officers probable cause to arrest him. *See United States v. Schaafsma*, 318 F.3d 718, 722 (7th Cir.2003).

Second, given the fact that Brant possessed drugs and had been driving erratically, the officers could reasonably have concluded that he was under the influence of drugs and could be a danger to them or others. *See Smith v. Ball State Univ.*, 295 F.3d 763, 770 (7th Cir.2002). Third, Brant's verbal protests during his arrest, and his apparent physical resistance while being taken into custody are also factors that the officers reasonably took into consideration when evaluating the proper amount of force that should be used.

Given the fact that Brant's arrest was justified, the officers' tactics in placing Brant in the police car may have been clumsy or imprudent, but they were not objectively unreasonable. *See California v. Hodari D.*, 499 U.S. 621, 626, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991) (holding that all arrests require some level of force or submission); *Graham*, 490 U.S. at 396, 109 S.Ct. 1865 (noting that "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment"). Brant claimed only that he sustained injury as a result of the arrest, but he cannot show simply by the fact of injury by itself that the officers' conduct was unreasonable. *See Brownell v. Figel*, 950 F.2d 1285, 1293 (7th Cir.1991). Indeed, following his arrest, Brant twice affirmatively stated that he had not been injured and he now can produce no evidence of injuries other than his own deposition testimony.

In any event Brant can point to nothing in the record to show that Officers Cass and McClain exercised any more force than necessary to place him into the police car during his arrest. Brant appears to argue that because the officers were aware of his paraplegia, they should have used alternative means to effectuate his arrest. But we have held that officers may use limited force to detain disabled or non-responsive suspects in other similar cases. *See Smith*, 295 F.3d at 771 (use of force reasonable to detain unresponsive suspect suffering from diabetic shock); *Chapman v. Keltner*, 241 F.3d 842, 847 (7th Cir.2001) (use of force reasonable to place suspect in vehicle even though it exacerbated her injuries from recent bowel-resection surgery). Moreover, the fact that Officer Cass consulted his supervisor and was advised to take Brant into custody by police car rather than ambulance undercuts Brant's claim that the officers acted unreasonably and in haste.

■ Finally, even if we were to conclude that the record left remaining questions of fact as to the reasonableness of the officers' use of force, we would agree with the district court that the officers are entitled to qualified immunity. The officers are shielded from liability for their official acts, unless they violate a clearly established constitutional right. *See Saucier v. Katz*, 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). It is Brant's burden to establish that the officers violated his clearly established rights, *see Denius v. Dunlap*, 209 F.3d 944 (7th Cir.2000), either by citing a case closely similar to his in which force was found to be unreasonable, or by showing that the force was so egregious that it was plainly excessive even if no comparable cases exist. *Smith v. City of Chicago*, 242 F.3d 737, 742 (7th Cir. 2001). But Brant cites no similar cases or authority to support his claim that the officers' used force that was excessive. Moreover, Officers Cass and McClain followed the instructions of their supervisor and the procedures of the Freeport police department in effectuating Brant's arrest. Under these circumstances, the officers are entitled to qualified immunity because it cannot be said that their belief that their actions were lawful was unreasonable. *See Saucier*, 533 U.S. at 201–02, 121 S.Ct. 2151

(officers entitled to qualified immunity unless they had notice that conduct was unlawful).

AFFIRMED.